UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE TAYLOR-WARREN, ) ) Plaintiff, ) ) vs. ) ) THE CHASE MANHATTAN BANK ) (USA), ) ) Defendant. ) ) | 3:06-CV-00730-LRH-RAM  ORDER |

Presently before the court is Lance Taylor-Warren's ("Plaintiff") Opposition to Defendant's Notice of Removal and Request for Sanctions Pursuant to Rule 11 (# 5[1]). Because an opposition to a notice of removal is not contemplated by the Federal Rules of Civil Procedure or Local Rules of Practice for the District of Nevada, the court will treat this document as a motion to remand, to which the Defendant, The Chase Manhattan Bank (USA) ("Chase"), has subsequently replied (# 8). Also before the court is the Plaintiff's Motion to Strike Defendant's Affirmative Defenses (#10), to which Chase filed an Opposition (# 14). No reply has been filed. The court will address each motion below.

**I. Factual Background**

This action arises out of a consumer contract whereby the Plaintiff obtained a revolving

---

[1]Refers to the court's docket number.

open-ended account with Chase. The Complaint alleges Chase failed to respond to Plaintiff's inquiries regarding alleged inaccuracies in his monthly statement and requests for other documentation. The Complaint seeks damages alleging violations of the Truth in Lending Act ("TILA"). The Complaint also alleges breach of contract and violations of "Plaintiff's Right to Due Process under the law," and requests immediate injunctive relief with regard to Chase's resort to arbitration.

**II. Motion for Remand**

"[A]ny civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant. . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331.

For purposes of federal question jurisdiction, a case arises under federal law if a right or immunity created by the Constitution or laws of the United States is "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank,* 299 U.S. 109, 112 (1936). Jurisdiction exists if a plaintiff makes a "substantial claim under an act of Congress." *Carlson v. Principal Financial Group*, 320 F.3d 301 (2d Cir. 2003) (citing *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913)). "The jurisdictional inquiry is rather straightforward and depends entirely upon the allegations in the complaint." *Carlson*, 320 F.3d at 306. "[W]here the complaint . . . is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court, but for two possible exceptions later noted, must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 681-82 (1946). The two exceptions occur "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83. "Thus, in order to sustain federal jurisdiction, the complaint must allege a claim that arises under the

Constitution or laws of the United States and that is neither made solely for the purpose of obtaining jurisdiction nor wholly insubstantial and frivolous." *Carlson*, 320 F.3d at 306.

In this case, the Plaintiff's complaint expressly includes claims under the Constitution and violations of TILA, which are properly removable under 28 U.S.C. 1441(a). *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir. 1988). Further, the record does not suggest that the Plaintiff's claims were made solely for the purpose of obtaining jurisdiction and the Plaintiff's Constitutional and federal statutory claims are substantial and material to the case at bar. Accordingly, the district court has concurrent jurisdiction with the state court, and as the Defendant properly filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 &1446, removal is proper.

**II. Motion to Strike Affirmative Defenses**

"Motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 (West 2007). Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." *Brown & Williamson Tobacco Corp. v. U.S.*, 201 F.2d 819, 822 (6th Cir. 1953). A motion to strike a defense "will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Farm Credit Bank of Spokane v. Parsons,* 758 F.Supp. 1368, 1371 n.4 (D. Mont. 1990); *see Levin-Richmond Terminal Corp. v. Int'l Longshoremen's and Warehousemen's Union,* 751 F.Supp. 1373, 1375 (N.D. Cal. 1990). In the case at bar, Defendant's affirmative defenses raise issues of fact and law. Therefore, Plaintiff's Motion to Strike is premature. *See Friends of Santa Fe County v. LAC Minerals, Inc.,* 892 F.Supp. 1333, 1343 (D. N.M. 1995).

\
\
\

1       IT IS THEREFORE ORDERED that Plaintiff's motion for remand (#5) is hereby DENIED.

2       IT IS FURTHER ORDERED that Plaintiff's Motion to Strike Defendant's Affirmative

3 Defenses (#10) is hereby DENIED without prejudice.

4       IT IS SO ORDERED.

5       DATED this 31st day of May, 2007.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE