UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
RENO, NEVADA

| | | |
|---|---|---|
| LANCE TAYLOR-WARREN, | ) | 3:06-CV-0730-LRH-RAM |
| | ) | |
| Plaintiff(s), | ) | **MINUTES OF PROCEEDINGS** |
| | ) | |
| vs. | ) | |
| | ) | DATED:  July 23, 2007 |
| THE CHASE MANHATTAN BANK, | ) | |
| | ) | |
| Defendant(s). | ) | |

PRESENT:   THE HONORABLE VALERIE P. COOKE, MAGISTRATE JUDGE
Deputy Clerk:        Lisa Mann            Court Reporter:        FTR
Counsel for Plaintiff(s):        Lance Taylor-Warren (Telephonically)
Counsel for Defendant(s):        Michael Kealy and (Telephonically) David Hall

PROCEEDINGS: MOTION HEARING

4:03 p.m.  Court convenes.

The Court addresses the parties regarding the purpose of this hearing.

On July 18, 2007, the defendant filed a motion to compel discovery responses and request for sanctions with a request for expedited handling (#25).  The plaintiff filed his objection today.

The Court and the parties discuss the defendant's motion to compel discovery responses (#25).

Having reviewed the papers, heard from the parties, and good cause appearing, the Court finds as follows:

1) **Deposition of Lance Taylor-Warren:**

   The deposition of the plaintiff Lance Taylor-Warren shall proceed as scheduled for **Wednesday, July 25, 2007**, commencing at **10:30 a.m.**, at the offices of Parsons Behle & Latimer, 50 West Liberty Street, Suite 750, Reno, Nevada 89501.

Lance Taylor-Warren v. The Chase Manhattan Bank
3:06-CV-0730-LRH-RAM
July 23, 2007
Page 2

2) **Plaintiff's answers to request for interrogatories and request for admissions:**

The Court notes for the record that in the interest of completing the deposition, the defendant is willing to have Mr. Taylor-Warren answer the requests for admissions and interrogatories at his deposition under oath.

3) **Plaintiff's responses to defendant's request for production no. 3, 4, 12, 13, 14, 18, 19, and 21 :**

Notwithstanding the confidentiality provision of the North American Education Services, Inc. ("NAES") agreement between the plaintiff and "NAES," the plaintiff is **ORDERED** to produce any documents as defined in exhibit C to docket (#25), page 2 at paragraph 7, which are responsive to the following:

A. **Defendant's request for production no. 3:**

Produce all document provided to you by "NAES," or any person acting on its behalf.

B. **Defendant's request for production no. 4:**

Produce all communication between you and any debt relief services company relating to the credit card account.

C. **Defendant's request for production no. 12:**

Produce all documents that relate to communication, whether in writing, electronic or in any other form, that you had with any individuals or entities action with or in conjunction with a debt relief services company from 2003 to present.

D. **Defendant's request for production no. 13:**

Product all documents that have been provided to you by a debt relief services company from 2003 to the present.

Lance Taylor-Warren v. The Chase Manhattan Bank
3:06-CV-0730-LRH-RAM
July 23, 2007
Page 3

        E.    **Defendant's request for production no. 14:**

        If you have made any payments to a debit relief services company in the past four years, produce all documents which relate to these payments, including cancelled checks, bank statements, wire transfers, credit card statements, and any contracts regarding said payments. This request includes evidence for any payment made through any third party intermediary such as PayPal.

        F.    **Defendant's request for production no. 18:**

        Produce all documents received by you from Chase.

        G.    **Defendant's request for production no. 19:**

        Produce all documents provided to you by a debt relief services company from January 1, 2003 to present.

        H.    **Defendant's request for production no. 21:**

        Produce all documents relating to any other litigation, administrative claims or arbitration claims in which you have been a party or witness since January 1, 2002.

**IT IS ORDERED** that the plaintiff shall produce these documents via a compact disc or by other means to the Offices of Michael Kealy no later than **noon** on **Tuesday, July 24, 2007**.

    4)    **Plaintiff's responses to defendant's request for production no. 1, 2, 5, 11, and 20:**

        The plaintiff states on the record that he does no have any documents responsive to defendant's request for production no. 1, 2, 5, 11, and 20; therefore, he shall not be required to respond to these requests.

    5)    **Plaintiff's responses to defendant's request for production no. 7, 8, and 16:**

        The plaintiff states on the record that the documents responsive to these requests are attached to his complaint.

Lance Taylor-Warren v. The Chase Manhattan Bank
3:06-CV-0730-LRH-RAM
July 23, 2007
Page 4

      **IT IS ORDERED** that the defendant's motion to compel (#25) is GRANTED in part and DENIED in part as set forth on the record.  Specifically, the motion is denied to the extent that the plaintiff has no documents; therefore, shall not be required to produce something he does not possess.  Also, the motion is denied as moot to the extent that the defendant conceded and the Court compels the plaintiff to answer the requests for admissions and interrogatories under oath at his deposition.

      The Court advises the parties that to the extent issues arise during the plaintiff's deposition, they shall have leave to contact chambers for resolution of any such issues.

      The Court further advises that in preparation for his deposition, the plaintiff shall review Federal Rule of Civil Procedure 30.

      **IT IS SO ORDERED.**

4:51 p.m.  Court adjourns.

                                                    LANCE S. WILSON, CLERK

                                        By:_____/s/_____
                                            Lisa Mann, Deputy Clerk